UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

No. 10 Civ. 7798 (RJS)

---

MICHEL TOLIVER,

Plaintiff,

VERSUS

THE CITY OF NEW YORK, *et al.*,

Defendants.

---

ORDER ADOPTING REPORT & RECOMMENDATION
March 19, 2012

---

RICHARD J. SULLIVAN, District Judge:

On October 13, 2010, incarcerated *pro se* Plaintiff Michel Toliver filed this action against the City of New York, the Department of Corrections, and various individual defendants, alleging that corrections officers threatened him and retaliated against him in violation of his constitutional rights. Before the Court are Plaintiff's objections to the Report and Recommendation (the "Report") of the Honorable James C. Francis IV, Magistrate Judge, dated August 30, 2011, recommending that Defendants' motions to dismiss the Complaint be granted. The Court has also reviewed and considered Defendants' response to Plaintiff's objections, and Plaintiff's reply.[1] For the following reasons, the Court adopts the Report in its entirety.

I. BACKGROUND

Plaintiff has several lawsuits pending in the Southern District of New York, including *Michel Toliver v. New York City Department of Corrections*, No. 10 Civ. 822 (RJS) (JCF) (the "822 Action"), in which

---

[1] By Order dated November 23, 2011, the Court stated that it would not consider Plaintiff's reply, noting that Rule 72 of the Federal Rules of Civil Procedure does not provide for additional submissions beyond the party's initial objections and the opponent's response, and that Plaintiff had made his reply without first seeking leave to do so in violation of the Court's Individual Practices. (Doc. No. 51.) On November 27, 2011, Plaintiff submitted a letter requesting that the Court consider his reply. Although additional briefing is unnecessary in this matter, as stated in the Court's November 23, 2011 Order, the Court has nonetheless considered Plaintiff's reply, which does not alter the Court's analysis in this matter.

Plaintiff alleges, *inter alia*, that he was assaulted by corrections officers at Rikers Island. This action and at least one other action, with docket number 10 Civ. 6666 (RJS) (JCF), raise claims that officers at Rikers Island retaliated against Plaintiff as a result of his filing the first suit (the "822 Action").

In *this* action, Plaintiff alleges that on September 4, 2010, while he was in custody at the George R. Vierno Center at Rikers Island, the individual Defendants, all corrections officers, approached his cell and harassed him. Specifically, Plaintiff alleges that Defendant McArdle[2] asked Plaintiff "how [he] enjoyed being dirty and not eating and not using the phone or showering." (Compl. 4.) Shortly thereafter, Defendants Makas, Merced, Tapia, Almanzar, and an unidentified Officer Doe appeared and called him a "snitch," in reference to his filing the 822 Action. (*Id*.) Plaintiff alleges that Tapia stated that they were in Plaintiff's cell "to make sure [Plaintiff] got what's coming to [him]. Like a few broken bones." (*Id.*) Merced then stated "we are here to break a few bones," and Makas threatened to accuse Plaintiff of using force against an officer. (*Id.* at 4-5.) In an apparent attempt to place contraband in his cell, Doe then threw razor blades into Plaintiff's cell which Plaintiff flushed down the toilet. (*Id.* at 5.) Plaintiff adds generally that "[a]lmost every day Captain Merced does something or causes something illegal to occur to me." (*Id.* at 6.)

Plaintiff states that he is "in fear for [his] life" (*id.* at 6) and suffers from "continued emotional and mental stress and anguish[,] panic attacks[,] nightmares and extreme paranoia being around these officers and captains" (*id.* at 4). Additionally, in a letter appended to the Complaint, dated May 21, 2010, but bearing the docket number of the 822 Action, Plaintiff asserts that he has been wrongfully placed in punitive segregation and subjected to other punitive conduct without due process of law. (*Id.* app.) The same allegations are briefly noted in the "Relief" section of the Complaint. (*Id.* at 8.) The May 21, 2012 letter had previously been mailed to the Court in connection with the 822 Action, and the Court granted Plaintiff leave to amend his Complaint in the 822 Action to reflect the allegations therein. (No. 10 Civ. 822 (RJS) (JCF), Doc. No. 13.)

On March 10, 2011, Defendants filed a motion to dismiss this action. By letter dated March 17, 2011, Plaintiff moved to amend his Complaint in the 822 Action to include the claims that were alleged in this case. On April 20, 2011, the Honorable Ronald L. Ellis, Magistrate Judge, to whom both matters were then referred, issued an Order denying Plaintiff's request. (Doc. No. 32.) Defendants' motion to dismiss was fully submitted as of June 29, 2011. On July 14, 2011, Plaintiff submitted a Motion to Amend the Complaint with various attachments.

On July 28, 2011, this matter and the cases with docket numbers 10 Civ. 822 and 10 Civ. 6666 were reassigned to Magistrate Judge Francis, and on August 30, 2011, Judge Francis issued the Report, in which he recommended that the Complaint in this action be dismissed. Judge Francis concluded that, because Plaintiff did not allege physical injury resulting from the incident of which he complained, he was prohibited from seeking compensatory damages under 42 U.S.C. § 1997e(e), and for similar reasons failed to state a claim under the Eighth Amendment or for retaliation. (Report 6, 9-11.) Because Plaintiff is no longer in the custody of the

---

[2] The Complaint identifies a "Corrections Officer Macadle"; however, later filings identify this individual as Corrections Officer McArdle.

New York City Department of Corrections, Judge Francis further determined that injunctive relief was inappropriate. (*Id.* at 6-8.) Finally, with respect to Plaintiff's claims for punitive and nominal damages, Judge Francis noted that the letter attachment to the Complaint raising due process claims is identical to one submitted in the 822 Action, and thus the claims should be adjudicated in that case rather than in this case. (*Id.* at 11-12.)

Plaintiff now objects to the Report on the grounds that Judge Francis failed to consider his Amended Complaint in ruling on Defendants' motion to dismiss. Plaintiff further argues that Judge Francis erred in failing to consider other alleged incidents of abuse in determining whether Plaintiff established prior injury. Finally, Plaintiff objects to dismissal of his due process claims.

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a de novo review of Petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

*Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted); however, where objections are "conclusory or general," or where the plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

## III. DISCUSSION

### A. The Amended Complaint

Plaintiff's principal objection to the Report is that Judge Francis did not consider the claims raised in his Amended Complaint, and instead ruled on the original Complaint "as if the Amended Complaint never existed." (Obj. 20.) Plaintiff is apparently referring to the submission dated July 14, 2011, which contained a letter, a motion to amend, and an amended complaint.[3]

---

[3] Due to a deficiency in the motion to amend, it was not immediately filed and was sent to Judge Ellis for a determination as to whether the filing could be accepted or must be sent back to Plaintiff to cure the problem. However, it appears that the document was neither accepted nor sent back to Plaintiff. Although Judge Francis notes in the Report that Plaintiff filed a document entitled "Amended Complaint" in response to Defendants' motion to dismiss, Judge Francis elected to treat the submission as a responsive briefing. (*See* Report 4 ("Notwithstanding its title, this ["amended complaint"] is effectively the original Complaint annotated in response to the arguments raised by the defendants.").)

3

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Plaintiff indicates in his submission that he provided Defendants with a copy of the proposed Amended Complaint in early 2011, there is no evidence that Plaintiff attempted to file it with the Court prior to July 2011. (*See* Obj. 38 ("The Amended Complaint was served properly on the defendants several months 'prior'[;] because there was no answer, the motion to amend on those grounds was sent to [the] Court along with exhibits and the 'Amended Complaint.'").) In any event, it is clear that leave to amend the Complaint was *never* granted, and that Plaintiff's submission of the so-called amended complaint took place well after briefing on the instant motion had closed on June 29, 2011.

Moreover, it should be noted that by Order dated April 20, 2011, Judge Ellis expressly denied Plaintiff's prior motion to "amend his complaint in the case with the docket number 10 Civ. 0822 to include the claims that are alleged in this related case, docket number 10 Civ. 7798" on the grounds that "consolidation of these cases is not appropriate." (Doc. No. 32.) Plaintiff did not appeal or object to Judge Ellis's Order, nor did he move for reconsideration. Thus, Plaintiff's attempt to amend the Complaint in this case to add claims that appear to parallel those in the 822 Action would amount to a circumvention of Judge Ellis' April 20, 2011 Order.

Accordingly, it cannot be said that Judge Francis's decision to rule on Defendants' motion based only on the *original* Complaint was error. The Court will therefore address for the purpose of this Order only those claims raised in the Original Complaint.

B.  Eighth Amendment

Plaintiff objects to Judge Francis's conclusion that Plaintiff failed to establish a violation of his Eighth Amendment rights. The law is clear that "verbal harassment, standing alone, does not amount to a constitutional deprivation." *Cole v. Fisher*, 379 F. App'x 40, 43 (2d Cir. 2010) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). Plaintiff does not appear to dispute as much. Instead, Plaintiff asserts that he "raised much more than one 'single' claim as the defendants assert." (Obj. 8.)

Specifically, Plaintiff objects to Judge Francis's conclusion that "[a]lthough the Plaintiff cites to injuries that he suffered prior to September 4, 2010, in his opposition papers, those injuries involve different defendants, dates, and circumstances from the underlying incident here and are therefore irrelevant to his claims in this case." (Report 10.) Plaintiff argues that Judge Francis's assertion that the defendants are different is erroneous, because Captain Merced, a defendant here, was involved in many other incidents in which Plaintiff alleges he was injured, and because the Warden is or would be a defendant with respect to all claims. (*See, e.g.*, Obj. 12-14, 29, 35.)

Plaintiff is correct in noting that the injuries discussed throughout his papers do not involve entirely different alleged perpetrators. However, the decisive factor is that Plaintiff has alleged physical assault and physical injuries resulting from *separate* incidents. If, as Plaintiff alleges, he was injured in other incidents, he may be able to bring an action under § 1983 for those incidents. Plaintiff cannot, however, collect

4

compensatory damages for the wrong alleged here – the September 4, 2010 harassment – on the basis of what he has claimed in the Complaint. Other physical injuries are immaterial to that conclusion.

Even if Plaintiff had stated a claim for a violation of his Eighth Amendment Rights, Judge Francis concluded that he would not be entitled to compensatory damages because he failed to establish prior physical injury. Plaintiff objects on the grounds that he was physically assaulted on December 11, 2009, January 24, 2010, March 18, 2010, May 10, 2010, May 19, 2010, and May 20, 2010. (Obj. 3-4.) Plaintiff further alleges he was "denied food, showers, (outside recreation for months), threats of breaking my bones if I came out of the cell for the shower, all of my property had been destroyed, I also raised a due process violation for not only placing me in punitive segregation illegally but also making me, forcing me to live while in punitive segregation in Red ID status, enhanced restraints [and] rear cuffed." (*Id.* at 8-9.)

The Prison Litigation Reform Act ("PLRA") prohibits inmates from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff argues that Judge Francis misread the PLRA and the meaning of the word "prior." (Obj. 11.) Specifically, Plaintiff asserts that his "only responsibility is to show 'prior' physical injury along with emotional and mental injury," which he has accomplished through his other cases, such as the 822 Action. (*Id.* at 31.) He argues that "[i]f Congress wanted to include the phrase 'accompanied by physical injury' it certainly could have; but it did not." (*Id.* at 40.)[4]

Although the statute provides little guidance regarding what is meant by "prior," courts have repeatedly recognized that § 1997e(e) requires an inmate seeking emotional damages for an incident to first establish that he also suffered physical injury as a result of the *same* incident. *See Henry v. Davis*, No. 10 Civ. 7575 (PAC) (JLC), 2011 WL 3295986, at *3 (S.D.N.Y. Aug. 1, 2011) (Oct. 20, 2011) ("[Plaintiff] does not allege that he suffered any physical injury *as a result of the incidents he complains about* and therefore cannot recover compensatory damages." (emphasis added)), *adopted by* 2011 WL 5006831; *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 361 (S.D.N.Y. 2010) ("Because [the plaintiff] has alleged no physical injury in relation to the emotional harm caused by the deprivation of his property, he cannot satisfy this requirement."); *McGregor v. Jarvis*, No. 9:08-CV-770 (GLS/RFT), 2010 WL 3724133, at *4 (N.D.N.Y. Aug. 20, 2010) ("Neither in his Complaint, Deposition Testimony, nor Opposition to Defendants' Motion does [the plaintiff] establish any physical injury he suffered due to the conduct at issue in this litigation."), *adopted by* 2010 WL 3724131 (Sept. 16, 2010).

Indeed, it cannot be that *any* injury that Plaintiff has suffered at the hands of Defendants is properly considered for purposes of emotional distress damages under § 1997e(e). Rather, the only incident properly considered in this inquiry is whether Plaintiff suffered physical injury as

---

[4] Plaintiff asserts in his Reply that he can cite numerous cases to support his argument. (Reply 6.) The fifteen cases listed by Plaintiff without comment as to their applicability to this case appear to stand for general principles relating to inmate treatment and due process, and do nothing to change the Court's analysis.

5

a result of the incident that took place on September 4, 2010 – the lone event alleged in the Complaint. To allow Plaintiff to recover compensatory damages for emotional distress based on alleged physical injury stemming from a separate incident would subvert the intent of the PLRA, which was aimed at preventing frivolous litigation in the form of emotional damages claims that can be difficult to disprove. *See Dawes v. Walker*, 239 F.3d 489, 496 (2d Cir. 2001) ("Congress recognized that, unlike physical injuries, emotional injuries are inherently difficult to verify and therefore tend to be concocted for frivolous suits."), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

To the extent that Plaintiff alleges that other incidents took place in which he suffered physical injury, Plaintiff is free to bring suits with respect to those incidents – indeed, Plaintiff has done so in numerous active cases in this district. However, the task currently before the Court is to determine whether Plaintiff has established that he is entitled to compensatory damages for the September 4, 2010 incident that forms the sole basis of this Complaint. Clearly, he has not done so. Accordingly, the Court finds that Judge Francis did not err in concluding that Plaintiff failed to allege physical injury as is necessary under § 1997e.

### C.  First Amendment

Similarly, Plaintiff's only objection to Judge Francis's recommendation that his retaliation claim be dismissed is that "there were many other claims raised in the Amended Complaint 'other than' verbal abuse and threats." (Obj. 40-41.) For the reasons stated above, the other incidents alleged in Plaintiff's submissions are not relevant to the question of whether his constitutional rights were violated in the September 4, 2010 incident. Plaintiff has not submitted any objection, though, to Judge Francis's finding that Plaintiff's allegations of verbal harassment fell short of stating a claim of retaliation. After reviewing the record, the Court finds that Judge Francis's recommendation that Plaintiff's retaliation claim be dismissed was not clearly erroneous. *See Carl v. Griffin*, No. 08 Civ. 4981 (RMB) (MHD), 2011 WL 723553, at *5 (S.D.N.Y. Mar. 2, 2011) ("[V]erbal harassment, or even threats, are generally held not to rise to the level of adverse action that will support a First Amendment retaliation claim." (internal quotation marks and citations omitted)); *Bartley v. Collins*, No. 95 Civ. 10161 (RJH), 2006 WL 1289256, at *6 (S.D.N.Y. May 10, 2006) ("[V]erbal threats such as 'we going to get you, you better drop the suit,' do not rise to the level of adverse action.").

### D.  Due Process

Plaintiff argues that Judge Francis erred in recommending dismissal of his due process claims – which were raised in a letter appended to the Complaint – since they were also filed in the 822 Action. According to Plaintiff, if the due process claim is "good enough to include with case 0822, it is good enough to survive" the motion to dismiss here. (Obj. 19.) Plaintiff adds that "[e]ven if [his] claim is somewhat lacking[,] the entire claim should not be dismissed due to [the] emotional distress factor." (*Id.* at 46.) According to Plaintiff, "the due process violation was obvious" because Plaintiff prevailed in an Article 78 hearing. (*Id.* at 41.) Plaintiff further asserts that Judge Francis's recommendation that the Complaint be dismissed without prejudice was "proof of a good claim." (*Id.*)

Regardless of whether Plaintiff's due process allegations constitute a "good claim," the materials attached to the

6

Complaint were labeled as "10 Civ. 0822," and Plaintiff sent the same letter to the Court in that case approximately four months before filing the instant action. By Order dated June 24, 2010, the Court stated that Plaintiff would be permitted to amend his Complaint in the 822 Action to add the allegations discussed in the May 21, 2010 letter. (No. 10 Civ. 822 (RJS) (JCF), Doc. No. 13.) On July 13, 2010, Plaintiff amended his Complaint in the 822 Action, adding claims based on the alleged assaults, improper infractions, and punitive segregation described in the May 21 letter. (*Id.*, Doc. No. 19.) Plaintiff's claims *here* are thus duplicative of those already raised in the 822 Action, and as such are subject to dismissal by this Court regardless of whether they prove to be meritorious. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. . . . [P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

Accordingly, the Court adopts Judge Francis's recommendation and dismisses those claims without prejudice to having them adjudicated in the parallel action, No. 10 Civ. 822.

## IV. CONCLUSION

For the reasons stated above, the Court finds Plaintiff's objections to be without merit. With respect to the rest of the Report, the Court finds that there was no clear error. Accordingly, the Court adopts the Report in its entirety for the reasons stated above. The Clerk of the Court is respectfully directed to terminate the motions located at Doc Nos. 11 and 29 and close this case.

Should Plaintiff wish to renew his motion to amend the Complaint, he may do so. However, for the reasons set forth above, the Court notes that any claims raised in an amended complaint should be different from those currently pending in Plaintiff's other actions.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: March 19, 2012
New York, NY

Plaintiff Michel Toliver is proceeding *pro se*.

Defendants are represented by Joseph Anthony Marutollo, New York City Law Department, 100 Church Street, New York, NY 10007.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3 | 19 | 2012
```

7

<u>A copy of this Order was mailed to</u>:

Michel Toliver
10-A-4565
Shawangunk Correctional Facility
P.O.Box 700
Wallkill, NY 12589